UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JANE DOE[1],

         Plaintiff,

   -against-

AR, MICHAEL S. RUSSELL, ANDREA T. RUSSELL,
MJN, ROBERT G. NOVITSKY, ALICIA M. NOVITSKY
a/k/a ALICIA JEAN, TJH, TIMOTHY J. HAY, SHANNON
M. HAY, BA, LOUIS B. APPLEBAUM, and JULIE D.
APPLEBAUM,

         Defendants.

-----------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a
Trial by Jury**

   Plaintiff, JANE DOE, by and through her attorneys, THE RUSSELL FRIEDMAN LAW

GROUP, LLP, complaining of Defendants, AR, MICHAEL S. RUSSELL, ANDREA T.

RUSSELL, MJN, ROBERT G. NOVISTKY, ALICIA M. NOVITSKY a/k/a ALICIA JEAN,

TJH, TIMOTHY J. HAY, SHANNON M. HAY, BA, LOUIS B. APPLEBAUM, and JULIE D.

APPLEBAUM (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

   1.  This is an action to recover damages by Plaintiff, JANE DOE, against

Defendants, AR, MICHAEL S. RUSSELL, ANDREA T. RUSSELL, MJN, ROBERT G.

NOVISTKY, ALICIA M. NOVITSKY a/k/a ALICIA JEAN, TJH, TIMOTHY J. HAY,

SHANNON M. HAY, BA, LOUIS B. APPLEBAUM, and JULIE D. APPLEBAUM, for

physical, mental, and financial injuries suffered as a result of sexual assault and rape of Plaintiff

by Defendants.

---

[1] Plaintiff respectfully requests that this Court allow Plaintiff's name as "Jane Doe" throughout the Complaint based on the fact that this matter is of a sensitive nature and Plaintiff was a minor at the time of the alleged incident. Should this Court require Plaintiff's full name, Plaintiff respectfully requests that this Court allow Plaintiff to file the full, unabbreviated Complaint under seal.

CA/D237106/FL3046

2.     This action is brought under the auspices of New York's Child Victims Act.[2] It concerns the repeated acts of sexual abuse, including rape, harassment, and violence, that were committed in 2014 against Plaintiff by Defendants AR, MJN, TJH, and BA.

3.     The abusive and violent sexual acts alleged herein were committed against a young girl who was only a freshman at high school.

## JURISDICTION

4.     Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims, including New York's Child Victims Act[3], pursuant to 28 U.S.C. § 1376(a).

## VENUE

5.     Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) as all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Ontario.

## THE PARTIES

6.     Plaintiff, JANE DOE (hereinafter, "Plaintiff"), resides in the County of Arlington, State of Virginia.

7.     Upon information and belief, at all times hereinafter mentioned, Defendant AR has and still resides in the County of Ontario, State of New York.

8.     Upon information and belief, at all times hereinafter mentioned, Defendant MICHAEL S. RUSSELL, is a parent and/or guardian of Defendant AR and has and still resides in the County of Ontario, State of New York.

---

[2] *See* Rule 214-g of New York Rules of Civil Practice Law & Rules ("CPLR").
[3] *See* Rule 214-g of New York Rules of Civil Practice Law & Rules ("CPLR").

CA/D237106/FL3046

9.      Upon information and belief, at all times hereinafter mentioned, Defendant ANDREA T. RUSSELL, is a parent and/or guardian of Defendant AR and has and still resides in the County of Ontario, State of New York.

10.      Upon information and belief, at all times hereinafter mentioned, Defendant, MJN, has and still resides in the County of Ontario, State of New York.

11.      Upon information and belief, at all times hereinafter mentioned, Defendant ROBERT G. NOVITSKY, is a parent and/or guardian of Defendant MJN and has and still resides in the County of Ontario, State of New York.

12.      Upon information and belief, at all times hereinafter mentioned, Defendant ALICIA M. NOVITSKY a/k/a ALICIA JEAN (hereinafter, "ALICIA M. NOVITSKY"), is a parent and/or guardian of Defendant MJN and has and still resides in the County of Ontario, State of New York.

13.      Upon information and belief, at all times hereinafter mentioned, Defendant, TJH, has and still resides in the County of Ontario, State of New York.

14.      Upon information and belief, at all times hereinafter mentioned, Defendant TIMOTHY J. HAY, is a parent and/or guardian of Defendant TJH and has and still resides in the County of Ontario, State of New York.

15.      Upon information and belief, at all times hereinafter mentioned, Defendant SHANNON M. HAY, is a parent and/or guardian of Defendant TJH and has and still resides in the County of Ontario, State of New York.

16.      Upon information and belief, at all times hereinafter mentioned, Defendant, BA, has and still resides in the County of Ontario, State of New York.

CA/D237106/FL3046

17.     Upon information and belief, at all times hereinafter mentioned, Defendant LOUIS B. APPLEBAUM, is a parent and/or guardian of Defendant BA and resided in the County of Ontario, State of New York at the time of the occurrence of the subject allegations and currently resides in the County of San Diego, State of California.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant JULIE D. APPLEBAUM, is a parent and/or guardian of Defendant BA and resided in the County of Ontario, State of New York at the time of the occurrence of the subject allegations and currently resides in the County of San Diego, State of California.

## FACTUAL BACKGROUND

19.     On or about August 24, 2014, Plaintiff resided in Farmington, New York.

20.     Upon information and belief, at all times hereinafter mentioned, Plaintiff was fourteen years old, and was about to start her Freshman year at Victor Senior High School.

21.     Upon information and belief, at all times hereinafter mentioned, Defendants AR, MJN, TJH, and BA were fellow Freshmen at Victor Senior High School.

22.     Upon information and belief, at all times hereinafter mentioned, on or about August 24, 2014, Plaintiff was invited to hang out at Defendant BA's house.

23.     Upon information and belief, Plaintiff accepted the invitation, and went to Defendant BA's house with her friend.

24.     Upon information and belief, upon Plaintiff's arrival at BA's house, BA offered Plaintiff alcoholic beverages.

25.     Upon information and belief, upon Plaintiff's arrival at BA's house, BA served Plaintiff alcoholic beverages.

CA/D237106/FL3046

26.     Upon information and belief, the alcoholic beverages provided by BA belonged to LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM, who were the parents/guardians of BA.

27.     Upon information and belief, LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM were present in the house when BA offered drinks to Plaintiff.

28.     Upon information and belief, LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM had a wine cellar in the basement of their house where LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM kept alcoholic beverages, which were readily available for consumption and easily accessible to minors.

29.     Upon information and belief, the aforementioned wine cellar was not locked, and LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM did not take any preventative measures to ensure that BA or any other minors in the house could not access the alcoholic beverages.

30.     Upon information and belief, BA frequently held parties with alcoholic beverages at his house even before August 24, 2014, and LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM permitted said parties, rather than taking any preventative measures to ensure that alcoholic beverages were not readily available to BA and any other minors who were in their house.

31.     Upon information and belief, shortly after Plaintiff's arrival, BA asked Plaintiff whether she wanted him to invite his friends, Defendants AR, MJN, and TJH, to his house to hang out with them.

32.     Upon information and belief, Plaintiff did not agree to invite Defendants AR, MJN, and TJH, but over Plaintiff's objection, BA ignored her and invited Defendants AR, MJN, and TJH over to his house.

CA/D237106/FL3046

33.     Upon information and belief, August 24, 2014 was or close to AR's birthday, and Defendants AR, MJN, and TJH were already drinking alcoholic beverages at AR's house prior to getting invited to BA's house.

34.     Upon information and belief, the alcoholic drinks at AR's house were furnished by Defendants MICHAEL S. RUSSELL and ANDREA T. RUSSELL.

35.     Upon information and belief, Defendants AR, MICHAEL J. NOVITSKIY, and TJH were also provided drinks at their respective homes prior to arriving at BA's house, by Defendants MICHAEL S. RUSSELL, ANDREA T. RUSSELL, ROBERT G. NOVISTKY, ALICIA M. NOVITSKY, TIMOTHY J. HAY, and SHANNON M. HAY.

36.     Upon information and belief, while Plaintiff was hanging out and drinking with Defendants AR, MJN, TJH, and BA, Plaintiff became severely intoxicated.

37.     Upon information and belief, after seeing that Plaintiff was severely intoxicated, Defendant AR escorted Plaintiff to the room located towards the back of the basement.

38.     Upon information and belief, the back room was unfinished, with the sole exception of a mattress on the floor.

39.     Upon information and belief, after taking Plaintiff to the back room, Defendant AR closed the door and started kissing Plaintiff, and proceeded to undress her.

40.     Upon information and belief, Plaintiff told Defendant AR she wanted to go back to her friend, but Defendant AR refused to let her go.

41.     Upon information and belief, Defendant AR took off his pants and attempted to force Plaintiff to perform oral sex on him.

42.     Upon information and belief, when Defendant AR attempted to put his genitals in Plaintiff's mouth, Plaintiff ended up vomiting.

CA/D237106/FL3046

43.     Upon information and belief, Defendant AR left the room after Plaintiff vomited, then came back with Defendants MJN, TJH, BA, and Plaintiff's friend.

44.     Upon information and belief, Plaintiff was still undressed when Defendants AR, MJN, TJH, and BA came into the room.

45.     Upon information and belief, Plaintiff's friend helped Plaintiff clean up, and took her to the bathroom so she could wash herself.

46.     Upon information and belief, after seeing Plaintiff vomit, Defendants AR, MJN, and TJH left BA's house, stating that they were returning home.

47.     Upon information and belief, however, after approximately fifteen to twenty minutes, Defendants AR, MJN, and TJH returned to BA's house.

48.     Upon information and belief, upon their return, Defendants AR, MJN, and TJH grabbed Plaintiff, who was still intoxicated, and carried her to the room that was towards the back of the house in the basement containing the mattress.

49.     Upon information and belief, after taking Plaintiff to the back room, Defendants AR, MJN, and TJH began undressing Plaintiff against her will and without her permission.

50.     Upon information and belief, Defendants AR, MJN, and TJH put Plaintiff on her knees, stood around her, and proceeded to take off their pants.

51.     Upon information and belief, Defendants AR, MJN, and TJH inserted their genitals into Plaintiff's mouth and forced her to perform oral sex against her will and without her consent.

52.     Upon information and belief, Defendants AR, MJN, and TJH touched Plaintiff's genitalia and breasts, against Plaintiff's will and without Plaintiff's consent.

CA/D237106/FL3046

53.     Upon information and belief, Plaintiff resisted Defendants AR, MJN, and TJH's touching of her genitalia and breasts, and refused to have sex with them.

54.     Upon information and belief, Plaintiff attempted to leave the room several times and crawled to the door, but Defendants AR, MJN, and TJH grabbed her by the hips and dragged her back into the room.

55.     Upon information and belief, Defendant BA was outside the door guarding it, and preventing Plaintiff's friend from going into the room and rescuing Plaintiff.

56.     Upon information and belief, Plaintiff heard her friend banging on the door to the back room, but Plaintiff was unable to respond.

57.     Upon information and belief, Defendants AR, MJN, and TJH were standing between Plaintiff and the door to prevent her from escaping.

58.     Upon information and belief, Defendants AR, MJN, and TJH continued to rape Plaintiff orally against her will and without her consent, for approximately 20 minutes.

59.     Upon information and belief, Defendants AR, MJN, and TJH took pictures of Plaintiff being raped orally.

60.     Upon information and belief, on more than one occasion, Plaintiff saw flashes as she was being raped orally. When Plaintiff inquired as to what the flashes were, Defendants AR, MJN, and TJH told her that it was just a flashlight.

61.     Upon information and belief, Plaintiff lost consciousness during the rape and her next memory is sitting on the couch in BA's basement.

62.     Upon information and belief, Plaintiff does not remember how she got to the couch after she lost consciousness.

CA/D237106/FL3046

63.     Upon information and belief, BA undressed Plaintiff again and inserted his fingers into Plaintiff's genitalia for approximately one minute, against Plaintiff's will and without her consent.

64.     Upon information and belief, Plaintiff was still in shock and could not move her body to resist or stop BA from the unwanted touching of her genitalia.

65.     Upon information and belief, after her ordeal, Plaintiff left BA's house with her friend.

66.     Upon information and belief, Defendants AR, MJN, TJH, and BA showed the pictures they took of Plaintiff to numerous students at Victor Senior High School.

67.     Upon information and belief, during the next day following the rape, a male classmate of Plaintiff approached Plaintiff during Freshmen orientation at Victor Senior High School and asked "if [she] had fun with [AR], [MJN], and [TJH] last night" or a phrase with similar effect.

68.     Upon information and belief, there were numerous instances in which Victor Senior High School students made reference to the August 2014 rape of Plaintiff.  By way of example, in or about December 2014, while Plaintiff was at her friend's house, another student at Victor Senior High School came up to Plaintiff and told her that he recognized her from the photos, then made several jokes relating to the rape of Plaintiff.

69.     Upon information and belief, in another heinous instance, in Spring 2015 while on a class trip to Washington D.C., there were approximately eight male students sitting in the back of the bus chanting "three dicks" at Plaintiff. One of the male students appeared to be masturbating under a blanket in the seat next to Plaintiff and asked Plaintiff to "help him." The

CA/D237106/FL3046

other male students around Plaintiff laughed.   After exiting the bus, this male student ran up to Plaintiff and slapped her, causing her male classmates to laugh.

70.    Upon information and belief, Defendants AR, MJN, TJH, and BA conspired to sexually assault and rape Plaintiff and to deprive Plaintiff of equal protections of the laws and/or equal privileges and immunities under the laws solely based on their invidious discriminatory animus towards Plaintiff's gender.

71.    Upon information and belief, Defendants AR, MJN, TJH, and BA acted in furtherance of their conspiracy by carrying Plaintiff to the back room, undressing her, forcing her to perform oral sex, and finally raping Plaintiff, all against Plaintiff's will and without Plaintiff's consent.

72.    Upon information and belief, Plaintiff was severely injured from the sexual assault and battery from Defendants AR, MJN, TJH, and BA.

73.    Upon information and belief, Defendants AR, MJN, TJH, and BA's sexual assault and battery on Plaintiff were motivated by invidious discriminatory animus towards Plaintiff's gender.

74.    Upon information and belief, on or about August 24, 2014, Defendant AR was a minor under the care of Defendants MICHAEL S. RUSSELL and ANDREA T. RUSSELL.

75.    Upon information and belief, MICHAEL S. RUSSELL and ANDREA T. RUSSELL had actual and constructive knowledge of Defendant AR's dangerous propensity and discriminatory animus towards females but failed to supervise and/or restrain Defendant AR from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

CA/D237106/FL3046

76.     Upon information and belief, on or about August 24, 2014, Defendant MJN was a minor under the care of Defendants ROBERT G. NOVITSKY and ALICIA M. NOVITSKY.

77.     Upon information and belief, ROBERT G. NOVITSKY and ALICIA M. NOVITSKY had actual and constructive knowledge of Defendant MJN's dangerous propensity and discriminatory animus towards females but failed to supervise and/or restrain Defendant MJN from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

78.     Upon information and belief, on or about August 24, 2014, Defendant TJH was a minor under the care of Defendants TIMOTHY J. HAY and SHANNON M. HAY.

79.     Upon information and belief, TIMOTHY J. HAY and SHANNON M. HAY had actual and constructive knowledge of Defendant TJH's dangerous propensity and discriminatory animus towards females but failed to supervise and/or restrain Defendant TJH from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

80.     Upon information and belief, on or about August 24, 2014, Defendant BA was a minor under the care of Defendants LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM.

81.     Upon information and belief, LOUIS B. APPLEBAUM and JULIE D. APPLEBAUM had actual and constructive knowledge of Defendant BA's dangerous propensity and discriminatory animus towards females but failed to supervise and/or restrain Defendant BA from conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws and also from acting in furtherance of the conspiracy.

82.     Furthermore, upon information and belief, Defendants LOUIS B. APPLEBAUM, JULIE D. APPLEBAUM, MICHAEL S. RUSSELL, ANDREA T. RUSSELL, ROBERT G.

CA/D237106/FL3046

NOVITSKY, ALICIA M. NOVITSKY, TIMOTHY J. HAY, and/or SHANNON M. HAY furnished alcoholic beverages to Defendants AR, MJN, TJH, and BA, who were minors.

83.     Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and BA.

84.     Upon information and belief, Defendants LOUIS B. APPLEBAUM, JULIE D. APPLEBAUM, MICHAEL S. RUSSELL, ANDREA T. RUSSELL, ROBERT G. NOVITSKY, ALICIA M. NOVITSKY, TIMOTHY J. HAY, and/or SHANNON M. HAY, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and BA were under the age of twenty-one.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### UNDER 42 U.S. CODE § 1985(3)
### (against Defendants AR, MJN, TJH, and BA)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

86.     Defendants AR, MJN, TJH, and BA conspired to deprive Plaintiff of the equal protection of the laws, to injure Plaintiff's person and property, and to deprive Plaintiff of having and exercising her rights and privileges as a citizen of the United States.

87.     Defendants AR, MJN, TJH, and BA conspired against Plaintiff based on Plaintiff's gender, and the conspiracy was aimed at harming and interfering with Plaintiff's protected rights.

88.     Defendants AR, MJN, TJH, and BA acted in furtherance of the conspiracy and sexually assaulted and raped Plaintiff in BA's house.

CA/D237106/FL3046

89.    As a direct and proximate result of Defendants AR, MJN, TJH, and BA's conspiracy to deprive Plaintiff of the equal protection of the laws, and/or of equal privileges and immunities under the laws, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")
### (against Defendant AR)

90.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

91.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

92.    Upon information and belief, Defendant AR violated the federal child pornography laws found at 18 U.S.C. § 2252.

93.    Upon information and belief, Plaintiff suffered personal injury as a result of Defendants' violation of 18 U.S.C. § 2252.

CA/D237106/FL3046

94.     Under 18 U.S.C. § 2255, victims of child pornography crimes under 18 U.S.C. § 2252 may recover the actual damages the victim sustained or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")**
**(against Defendant MJN)**

95.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

96.     18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

97.     Upon information and belief, Defendant MJN violated the federal child pornography laws found at 18 U.S.C. § 2252.

98.     Upon information and belief, Plaintiff suffered personal injury as a result of Defendants' violation of 18 U.S.C. § 2252.

99.     Under 18 U.S.C. § 2255, victims of child pornography crimes under 18 U.S.C. § 2252 may recover the actual damages the victim sustained or liquidated damages in the amount

CA/D237106/FL3046

of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")
### (against Defendant TJH)

100.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

101.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

102.    Upon information and belief, Defendant TJH violated the federal child pornography laws found at 18 U.S.C. § 2252.

103.    Upon information and belief, Plaintiff suffered personal injury as a result of Defendants' violation of 18 U.S.C. § 2252.

104.    Under 18 U.S.C. § 2255, victims of child pornography crimes under 18 U.S.C. § 2252 may recover the actual damages the victim sustained or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the costs of the action, including reasonable attorney's fees and other litigation costs

CA/D237106/FL3046

reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**FOR VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")**
**(against Defendant BA)**

105.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

106.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

107.    Upon information and belief, Defendant BA violated the federal child pornography laws found at 18 U.S.C. § 2252.

108.    Upon information and belief, Plaintiff suffered personal injury as a result of Defendants' violation of 18 U.S.C. § 2252.

109.    Under 18 U.S.C. § 2255, victims of child pornography crimes under 18 U.S.C. § 2252 may recover the actual damages the victim sustained or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

CA/D237106/FL3046

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## (against Defendant AR)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

111.    Upon information and belief, approximately on or about August 24, 2014, Defendant AR sexually assaulted and raped Plaintiff.

112.    Plaintiff did not consent to the harmful and/or offensive touching by Defendant AR.

113.    As a result of the aforementioned actions of Defendant AR, Plaintiff suffered physical and emotional injuries.

114.    Defendant AR's actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

115.    As a direct and proximate result of Defendant AR's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
### (against Defendant MJN)

116.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

117.     Upon information and belief, approximately on or about August 24, 2014, Defendant MJN sexually assaulted and raped Plaintiff.

118.     Plaintiff did not consent to the harmful and/or offensive touching by Defendant MJN.

119.     As a result of the aforementioned actions of Defendant MJN, Plaintiff suffered physical and emotional injuries.

120.     Defendant MJN's actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

121.     As a direct and proximate result of Defendant MJN,'s intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
### (against Defendant TJH)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

123.    Upon information and belief, approximately on or about August 24, 2014, Defendant TJH sexually assaulted and raped Plaintiff.

124.    Plaintiff did not consent to the harmful and/or offensive touching by Defendant TJH.

125.    As a result of the aforementioned actions of Defendant TJH, Plaintiff suffered physical and emotional injuries.

126.    Defendant TJH's actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

127.    As a direct and proximate result of Defendant TJH's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY
### (against Defendant BA)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

129.    Upon information and belief, approximately on or about August 24, 2014, Defendant BA sexually assaulted and raped Plaintiff.

130.    Plaintiff did not consent to the harmful and/or offensive touching by Defendant BA.

131.    As a result of the aforementioned actions of Defendant BA, Plaintiff suffered physical and emotional injuries.

132.    Defendant BA's actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

133.    As a direct and proximate result of Defendant BA's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

**AS AND FOR A TENTH CAUSE OF ACTION
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(against Defendant AR)**

134.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

135.    Defendant AR, in his sexual assault and rape of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when he brutally sexually abused and raped Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

136.    Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendant AR's intentional and/or reckless, extreme, and/or outrageous conduct.

137.    As a direct and proximate result of Defendant AR's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(against Defendant MJN)**

138.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

CA/D237106/FL3046

139.    Defendant MJN, in his sexual assault and rape of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when he brutally sexually abused and raped Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

140.    Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendant MJN's intentional and/or reckless, extreme, and/or outrageous conduct.

141.    As a direct and proximate result of Defendant MJN's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A TWELTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant TJH)**

142.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

143.    Defendants TJH, in his sexual assault and rape of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when he brutally sexually abused and raped Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

144.    Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendant TJH's intentional and/or reckless, extreme, and/or outrageous conduct.

CA/D237106/FL3046

145.    As a direct and proximate result of Defendant TJH's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant BA)**

146.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

147.    Defendant BA, in his sexual assault and rape of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when he brutally sexually abused and raped Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

148.    Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendant BA's intentional and/or reckless, extreme, and/or outrageous conduct.

149.    As a direct and proximate result of Defendant BA's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant AR)**

150.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

151.    Defendant AR, in his sexual harassment, assault, molestation, abuse, and exploitation of Plaintiff, acted with extreme, reckless and outrageous conduct that would shock the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited Plaintiff.

152.    Defendant AR's conducts were atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

153.    As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant MJN)**

154.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

155.    Defendant MJN, in his sexual harassment, assault, molestation, abuse, and exploitation of Plaintiff, acted with extreme, reckless and outrageous conduct that would shock

CA/D237106/FL3046

the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited Plaintiff.

156.    Defendant MJN's conducts were atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

157.    As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant TJH)**

158.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

159.    Defendant TJH, in his sexual harassment, assault, molestation, abuse, and exploitation of Plaintiff, acted with extreme, reckless and outrageous conduct that would shock the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited Plaintiff.

160.    Defendant TJH's conducts were atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

161.    As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and

CA/D237106/FL3046

other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant BA)**

162.   Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

163.   Defendant BA, in his sexual harassment, assault, molestation, abuse, and exploitation of Plaintiff, acted with extreme, reckless and outrageous conduct that would shock the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited Plaintiff.

164.   Defendant BA's conducts were atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

165.   As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
**FOR NEGLIGENCE**
**(against Defendant AR)**

166.   Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

CA/D237106/FL3046

167.    On or about August 24, 2014, Plaintiff was raped by Defendant AR at BA's residence, located in Victor, New York.

168.    Defendant AR permitted and/or intentionally failed and/or neglected to prevent the negligent and/or grossly negligent conduct and/or allowed other tortious conduct by Defendants herein and, further, allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

169.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant AR and without any fault or negligence on the part of Plaintiff contributing thereto.

170.    Defendant AR's conduct was wanton, reckless, malicious, and/or exhibited a gross indifference to, and a callous disregard for, the safety and rights of Plaintiff, which amounted to conduct equivalent to criminality.

171.    Defendant AR's willful, wanton, grossly negligent, and/or negligent act(s) of commission and/or omission resulted directly and/or proximately in the damages set forth herein at length.

172.    As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

CA/D237106/FL3046

## AS AND FOR A NINETEENTH CAUSE OF ACTION
## FOR NEGLIGENCE
## (against Defendant MJN)

173.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

174.    On or about August 24, 2014, Plaintiff was raped by Defendant MJN at BA's residence, located in Victor, New York.

175.    Defendant MJN permitted and/or intentionally failed and/or neglected to prevent the negligent and/or grossly negligent conduct and/or allowed other tortious conduct by Defendants herein and, further, allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

176.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant MJN and without any fault or negligence on the part of Plaintiff contributing thereto.

177.    Defendant MJN's conduct was wanton, reckless, malicious, and/or exhibited a gross indifference to, and a callous disregard for, the safety and rights of Plaintiff, which amounted to conduct equivalent to criminality.

178.    Defendant MJN's willful, wanton, grossly negligent, and/or negligent act(s) of commission and/or omission resulted directly and/or proximately in the damages set forth herein at length.

179.     As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and

CA/D237106/FL3046

other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

### AS AND FOR A TWENTIETH CAUSE OF ACTION
### FOR NEGLIGENCE
### (against Defendant TJH)

180.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

181.    On or about August 24, 2014, Plaintiff was raped by Defendant TJH at BA's residence, located in Victor, New York.

182.    Defendant TJH permitted and/or intentionally failed and/or neglected to prevent the negligent and/or grossly negligent conduct and/or allowed other tortious conduct by Defendants herein and, further, allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

183.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant TJH and without any fault or negligence on the part of Plaintiff contributing thereto.

184.    Defendant TJH's conduct was wanton, reckless, malicious, and/or exhibited a gross indifference to, and a callous disregard for, the safety and rights of Plaintiff, which amounted to conduct equivalent to criminality.

185.    Defendant TJH's willful, wanton, grossly negligent, and/or negligent act(s) of commission and/or omission resulted directly and/or proximately in the damages set forth herein at length.

CA/D237106/FL3046

186.    As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

<u>**AS AND FOR A TWENTY-FIRST CAUSE OF ACTION**</u>
<u>**FOR NEGLIGENCE**</u>
<u>**(against Defendant BA)**</u>

187.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

188.    On or about August 24, 2014, Plaintiff was raped by Defendant BA at BA's residence, located in Victor, New York.

189.    Defendant BA permitted and/or intentionally failed and/or neglected to prevent the negligent and/or grossly negligent conduct and/or allowed other tortious conduct by Defendants herein and, further, allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

190.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant BA and without any fault or negligence on the part of Plaintiff contributing thereto.

191.    Defendant BA's conduct was wanton, reckless, malicious, and/or exhibited a gross indifference to, and a callous disregard for, the safety and rights of Plaintiff, which amounted to conduct equivalent to criminality.

CA/D237106/FL3046

192.     Defendant BA's willful, wanton, grossly negligent, and/or negligent act(s) of commission and/or omission resulted directly and/or proximately in the damages set forth herein at length.

193.     As a result of the above-described conduct, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
## FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N
### (against Defendant AR)

194.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

195.     The aforementioned actions of Defendants were motivated by bias towards the female gender.

196.     Defendant AR intentionally selected Plaintiff for harm and caused physical injury in whole or in substantial part because of his belief or perception regarding Plaintiff's gender.

197.     As a result of the aforementioned actions of Defendant AR, Plaintiff suffered severe physical and emotional injuries.

198.     Defendant AR's actions against Plaintiff constitutes bias-related violence under N.Y. Civ. Rights L. § 79-N.

199.     As a direct and proximate result of Defendant AR's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly

CA/D237106/FL3046

humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N
### (against Defendant MJN)

200.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

201.    The aforementioned actions of Defendants were motivated by bias towards the female gender.

202.    Defendant MJN intentionally selected Plaintiff for harm and caused physical injury in whole or in substantial part because of his belief or perception regarding Plaintiff's gender.

203.    As a result of the aforementioned actions of Defendant MJN, Plaintiff suffered severe physical and emotional injuries.

204.    Defendant MJN's actions against Plaintiff constitutes bias-related violence under N.Y. Civ. Rights L. § 79-N.

205.    As a direct and proximate result of Defendant MJN's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and

CA/D237106/FL3046

mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN

MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
### FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N
### (against Defendant TJH)

206.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

those paragraphs of the Complaint marked and numbered previously and/or herein with the same

force and effect as if more fully set forth at length below.

207.    The aforementioned actions of Defendants were motivated by bias towards the

female gender.

208.    Defendant TJH intentionally selected Plaintiff for harm and caused physical

injury in whole or in substantial part because of his belief or perception regarding Plaintiff's

gender.

209.    As a result of the aforementioned actions of Defendant TJH, Plaintiff suffered

severe physical and emotional injuries.

210.    Defendant TJH's actions against Plaintiff constitutes bias-related violence under

N.Y. Civ. Rights L. § 79-N.

211.    As a direct and proximate result of Defendant TJH's intentional and malicious

actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly

humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical

expenses, associated legal expenses, and other special damages, and has suffered great pain and

mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN

MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

### AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
### FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N
### (against Defendant BA)

212.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

213.    The aforementioned actions of Defendants were motivated by bias towards the female gender.

214.    Defendant BA intentionally selected Plaintiff for harm and caused physical injury in whole or in substantial part because of his belief or perception regarding Plaintiff's gender.

215.    As a result of the aforementioned actions of Defendant BA, Plaintiff suffered severe physical and emotional injuries.

216.    Defendant BA's actions against Plaintiff constitutes bias-related violence under N.Y. Civ. Rights L. § 79-N.

217.    As a direct and proximate result of Defendant BA's intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION
## FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant MICHAEL S. RUSSELL)

218.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

219.     Defendant MICHAEL S. RUSSELL, as parent and/or guardian of Defendant AR, was responsible for supervising, controlling, overseeing, and monitoring Defendant AR.

220.     Upon information and belief, Defendant MICHAEL S. RUSSELL intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant AR.

221.     Upon information and belief, Defendant MICHAEL S. RUSSELL had actual and constructive knowledge of Defendant AR's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

222.     Upon information and belief, Defendant MICHAEL S. RUSSELL was aware that Defendant AR was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

223.     Upon information and belief, Defendant MICHAEL S. RUSSELL was aware that Defendant AR will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

224.     Upon information and belief, Defendant MICHAEL S. RUSSELL failed to adequately restrain Defendant AR from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

225.     As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur

CA/D237106/FL3046

attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION**
**FOR FAILURE TO SUPERVISE AND RESTRAIN**
**(against Defendant ANDREA T. RUSSELL)**

226.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

227.    Defendant ANDREA T. RUSSELL, as parent and/or guardian of Defendant AR, was responsible for supervising, controlling, overseeing, and monitoring Defendant AR.

228.    Upon information and belief, Defendant ANDREA T. RUSSELL intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant AR.

229.    Upon information and belief, Defendant ANDREA T. RUSSELL had actual and constructive knowledge of Defendant AR's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

230.    Upon information and belief, Defendant ANDREA T. RUSSELL was aware that Defendant AR was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

231.    Upon information and belief, Defendant ANDREA T. RUSSELL was aware that Defendant AR will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

CA/D237106/FL3046

232.    Upon information and belief, Defendant ANDREA T. RUSSELL failed to adequately restrain Defendant AR from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

233.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION
### FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant ROBERT G. NOVITSKY)

234.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

235.    Defendant ROBERT G. NOVITSKY, as parent and/or guardian of Defendant MJN, was responsible for supervising, controlling, overseeing, and monitoring Defendant MJN.

236.    Upon information and belief, Defendant ROBERT G. NOVITSKY intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant MJN.

237.    Upon information and belief, Defendant ROBERT G. NOVITSKY had actual and constructive knowledge of Defendant MJN's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

CA/D237106/FL3046

238.   Upon information and belief, Defendant ROBERT G. NOVITSKY was aware that Defendant MJN was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

239.   Upon information and belief, Defendant ROBERT G. NOVITSKY was aware that Defendant MJN will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

240.   Upon information and belief, Defendant ROBERT G. NOVITSKY failed to adequately restrain Defendant MJN from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

241.   As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A TWENTY-NINTH CAUSE OF ACTION
### FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant ALICIA M. NOVITSKY)

242.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

243.   Defendant ALICIA M. NOVITSKY, as parent and/or guardian of Defendant MJN, was responsible for supervising, controlling, overseeing, and monitoring Defendant MJN.

CA/D237106/FL3046

244.    Upon information and belief, Defendant ALICIA M. NOVITSKY intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant MJN.

245.    Upon information and belief, Defendant ALICIA M. NOVITSKY had actual and constructive knowledge of Defendant MJN's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

246.    Upon information and belief, Defendant ALICIA M. NOVITSKY was aware that Defendant MJN was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

247.    Upon information and belief, Defendant ALICIA M. NOVITSKY was aware that Defendant MJN will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

248.    Upon information and belief, Defendant ALICIA M. NOVITSKY failed to adequately restrain Defendant MJN from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

249.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR A THIRTIETH CAUSE OF ACTION
## FOR FAILURE TO SUPERVISE AND RESTRAIN
## (against Defendant TIMOTHY J. HAY)

250.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

251.    Defendant TIMOTHY J. HAY, as parent and/or guardian of Defendant TJH, was responsible for supervising, controlling, overseeing, and monitoring Defendant TJH.

252.    Upon information and belief, Defendant TIMOTHY J. HAY intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant TJH.

253.    Upon information and belief, Defendant TIMOTHY J. HAY had actual and constructive knowledge of Defendant TJH's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

254.    Upon information and belief, Defendant TIMOTHY J. HAY was aware that Defendant TJH was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

255.    Upon information and belief, Defendant TIMOTHY J. HAY was aware that Defendant TJH will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

256.    Upon information and belief, Defendant TIMOTHY J. HAY failed to adequately restrain Defendant TJH from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

257.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur

CA/D237106/FL3046

attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A THIRTY-FIRST CAUSE OF ACTION
## FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant SHANNON M. HAY)

258.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

259.    Defendant SHANNON M. HAY, as parent and/or guardian of Defendant TJH, was responsible for supervising, controlling, overseeing, and monitoring Defendant TJH.

260.    Upon information and belief, Defendant SHANNON M. HAY intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant TJH.

261.    Upon information and belief, Defendant SHANNON M. HAY had actual and constructive knowledge of Defendant TJH's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

262.    Upon information and belief, Defendant SHANNON M. HAY was aware that Defendant TJH was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

263.    Upon information and belief, Defendant SHANNON M. HAY was aware that Defendant TJH will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

CA/D237106/FL3046

264.    Upon information and belief, Defendant SHANNON M. HAY failed to adequately restrain Defendant TJH from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

265.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A THIRTY-SECOND CAUSE OF ACTION
### FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant LOUIS B. APPLEBAUM)

266.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

267.    Defendant LOUIS B. APPLEBAUM, as parent and/or guardian of Defendant BA, was responsible for supervising, controlling, overseeing, and monitoring Defendant BA.

268.    Upon information and belief, Defendant LOUIS B. APPLEBAUM intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant BA.

269.    Upon information and belief, Defendant LOUIS B. APPLEBAUM had actual and constructive knowledge of Defendant BA's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

CA/D237106/FL3046

270.   Upon information and belief, Defendant LOUIS B. APPLEBAUM was aware that Defendant BA was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

271.   Upon information and belief, Defendant LOUIS B. APPLEBAUM was aware that Defendant BA will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

272.   Upon information and belief, Defendant LOUIS B. APPLEBAUM failed to adequately restrain Defendant BA from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

273.   As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A THIRTY-THIRD CAUSE OF ACTION
### FOR FAILURE TO SUPERVISE AND RESTRAIN
### (against Defendant JULIE D. APPLEBAUM)

274.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

275.   Defendant JULIE D. APPLEBAUM, as parent and/or guardian of Defendant BA, was responsible for supervising, controlling, overseeing, and monitoring Defendant BA.

CA/D237106/FL3046

276.    Upon information and belief, Defendant JULIE D. APPLEBAUM intentionally failed to adequately supervise, control, oversee, and/or monitor Defendant BA.

277.    Upon information and belief, Defendant JULIE D. APPLEBAUM had actual and constructive knowledge of Defendant BA's dangerous propensity and discriminatory animus towards individuals of certain sexual orientation.

278.    Upon information and belief, Defendant JULIE D. APPLEBAUM was aware that Defendant BA was conspiring to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

279.    Upon information and belief, Defendant JULIE D. APPLEBAUM was aware that Defendant BA will act in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

280.    Upon information and belief, Defendant JULIE D. APPLEBAUM failed to adequately restrain Defendant BA from acting in furtherance of his conspiracy to deprive Plaintiff of equal protection of the laws and/or equal privileges and immunities under the laws.

281.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR A THIRTY-FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
## (against Defendant MICHAEL S. RUSSELL)

282.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

283.     Upon information and belief, Defendant MICHAEL S. RUSSELL furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

284.     Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

285.     Upon information and belief, Defendant MICHAEL S. RUSSELL, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

286.     Defendant MICHAEL S. RUSSELL's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

287.     The negligence of Defendant MICHAEL S. RUSSELL was a proximate cause of the injuries to Plaintiff and the resultant damages.

288.     As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial

CA/D237106/FL3046

but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A THIRTY-FIFTH CAUSE OF ACTION
### VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
### (against Defendant ANDREA T. RUSSELL)

289.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

290.    Upon information and belief, Defendant ANDREA T. RUSSELL furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

291.    Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

292.    Upon information and belief, Defendant ANDREA T. RUSSELL, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

293.    Defendant ANDREA T. RUSSELL's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

294.    The negligence of Defendant ANDREA T. RUSSELL was a proximate cause of the injuries to Plaintiff and the resultant damages.

295.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has

CA/D237106/FL3046

suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A THIRTY-SIXTH CAUSE OF ACTION
### VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
### (against Defendant ROBERT G. NOVITSKY)

296. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

297. Upon information and belief, Defendant ROBERT G. NOVITSKY furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

298. Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

299. Upon information and belief, Defendant ROBERT G. NOVITSKY, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

300. Defendant ROBERT G. NOVITSKY's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

301. The negligence of Defendant ROBERT G. NOVITSKY was a proximate cause of the injuries to Plaintiff and the resultant damages.

302. As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur

CA/D237106/FL3046

attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRTY-SEVENTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100**
**(against Defendant ALICIA M. NOVITSKY)**

303.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

304.    Upon information and belief, Defendant ALICIA M. NOVITSKY furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

305.    Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

306.    Upon information and belief, Defendant ALICIA M. NOVITSKY, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

307.    Defendant ALICIA M. NOVITSKY's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

308.    The negligence of Defendant ALICIA M. NOVITSKY was a proximate cause of the injuries to Plaintiff and the resultant damages.

CA/D237106/FL3046

309.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A THIRTY-EIGHTH CAUSE OF ACTION
### VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
### (against Defendant TIMOTHY J. HAY)

310.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

311.    Upon information and belief, Defendant TIMOTHY J. HAY furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

312.    Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

313.    Upon information and belief, Defendant TIMOTHY J. HAY, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

314.    Defendant TIMOTHY J. HAY's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

315.    The negligence of Defendant TIMOTHY J. HAY was a proximate cause of the injuries to Plaintiff and the resultant damages.

316.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRTY-NINTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100**
**(against Defendant SHANNON M. HAY)**

317.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

318.    Upon information and belief, Defendant SHANNON M. HAY furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

319.    Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and/or BA.

320.    Upon information and belief, Defendant SHANNON M. HAY, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and/or BA were under the age of twenty-one.

CA/D237106/FL3046

321.   Defendant SHANNON M. HAY's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and/or BA's intoxication.

322.   The negligence of Defendant SHANNON M. HAY was a proximate cause of the injuries to Plaintiff and the resultant damages.

323.   As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A FORTIETH CAUSE OF ACTION
### VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
### (against Defendant LOUIS B. APPLEBAUM)

324.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

325.   Upon information and belief, Defendant LOUIS B. APPLEBAUM furnished alcoholic beverages to Defendants AR, MJN, TJH, and/or BA, who were minors.

326.   Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and BA.

327.   Upon information and belief, Defendant LOUIS B. APPLEBAUM, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully

assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and BA were under the age of twenty-one.

328.    Defendant LOUIS B. APPLEBAUM's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and/or BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and BA's intoxication.

329.    The negligence of Defendant LOUIS B. APPLEBAUM was a proximate cause of the injuries to Plaintiff and the resultant damages.

330.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FORTY-FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL OBLIGATIONS LAW § 11-100
### (against Defendant JULIE D. APPLEBAUM)

331.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

332.    Upon information and belief, Defendant JULIE D. APPLEBAUM furnished alcoholic beverages to Defendants AR, MJN, TJH, and BA, who were minors.

333.    Upon information and belief, Plaintiff was injured by reason of intoxication or impairment of ability of Defendants AR, MJN, TJH, and BA.

CA/D237106/FL3046

334.    Upon information and belief, Defendant JULIE D. APPLEBAUM, knowingly caused such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that Defendants AR, MJN, TJH, and BA were under the age of twenty-one.

335.    Defendant JULIE D. APPLEBAUM's furnishing of alcoholic beverages to Defendants AR, MJN, TJH, and BA under such conditions was negligent and proximate cause of Defendants AR, MJN, TJH, and BA's intoxication.

336.    The negligence of Defendant JULIE D. APPLEBAUM was a proximate cause of the injuries to Plaintiff and the resultant damages.

337.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FORTY-SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT
### (against Defendant AR)

338.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

339.    The detention and false imprisonment of Plaintiff by Defendant AR was unlawful, willful, and without the consent of Plaintiff.

CA/D237106/FL3046

340. The actions of Defendant AR were intentionally, recklessly, and/or negligently done to intimidate, and did cause emotional distress to Plaintiff.

341. The actions of Defendant AR were a proximate cause of the injuries to Plaintiff and the resultant damages.

342. As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A FORTY-THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT
### (against Defendant MJN)

343. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

344. The detention and false imprisonment of Plaintiff by Defendant MJN was unlawful, willful, and without the consent of Plaintiff.

345. The actions of Defendant MJN were intentionally, recklessly, and/or negligently done to intimidate, and did cause emotional distress to Plaintiff.

346. The actions of Defendant MJN were a proximate cause of the injuries to Plaintiff and the resultant damages.

347. As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur

CA/D237106/FL3046

attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A FORTY-FOURTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
**(against Defendant TJH)**

348.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

349.    The detention and false imprisonment of Plaintiff by Defendant TJH was unlawful, willful, and without the consent of Plaintiff.

350.    The actions of Defendant TJH were intentionally, recklessly, and/or negligently done to intimidate, and did cause emotional distress to Plaintiff.

351.    The actions of Defendant TJH were a proximate cause of the injuries to Plaintiff and the resultant damages.

352.    As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

CA/D237106/FL3046

## AS AND FOR A FORTY-FIFTH CAUSE OF ACTION
## FALSE IMPRISONMENT
### (against Defendant BA)

353.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

354.     The detention and false imprisonment of Plaintiff by Defendant BA was unlawful, willful, and without the consent of Plaintiff.

355.     The actions of Defendant BA were intentionally, recklessly, and/or negligently done to intimidate, and did cause emotional distress to Plaintiff.

356.     The actions of Defendant BA were a proximate cause of the injuries to Plaintiff and the resultant damages.

357.     As a proximate result, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**WHEREFORE,** Plaintiff, JANE DOE, demands judgment be entered against Defendants as follows:

(a)     on the First Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

CA/D237106/FL3046

(b)     on the Second Cause of Action against Defendants in the amount of ONE
        HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) per pornographic
        photo obtained/maintained, plus punitive damages and attorney's fees;

(c)     on the Third Cause of Action against Defendants in the amount of ONE
        HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) per pornographic
        photo obtained/maintained, plus punitive damages and attorney's fees;

(d)     on the Fourth Cause of Action against Defendants in the amount of ONE
        HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) per pornographic
        photo obtained/maintained, plus punitive damages and attorney's fees;

(e)     on the Fifth Cause of Action against Defendants in the amount of ONE
        HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) per pornographic
        photo obtained/maintained, plus punitive damages and attorney's fees;

(f)     on the Sixth Cause of Action against Defendants in the amount of TEN MILLION
        DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(g)     on the Seventh Cause of Action against Defendants in the amount of TEN
        MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's
        fees;

(h)     on the Eighth Cause of Action against Defendants in the amount of TEN
        MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's
        fees;

(i)     on the Nineth Cause of Action against Defendants in the amount of TEN
        MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's
        fees;

CA/D237106/FL3046

(j)     on the Tenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(k)     on the Eleventh Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(l)     on the Twelfth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(m)    on the Thirteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(n)     on the Fourteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(o)     on the Fifteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(p)     on the Sixteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(q)     on the Seventeenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(r)     on the Eighteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

CA/D237106/FL3046

(s)     on the Nineteenth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(t)     on the Twentieth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(u)     on the Twenty-First Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00).

(v)     on the Twenty-Second Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(w)     on the Twenty-Third Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(x)     on the Twenty-Fourth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(y)     on the Twenty-Fifth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(z)     on the Twenty-Sixth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

CA/D237106/FL3046

(aa)     on the Twenty-Seventh Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(bb)     on the Twenty-Eighth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(cc)     on the Twenty-Ninth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(dd)     on the Thirtieth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(ee)     on the Thirty-First Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(ff)     on the Thirty-Second Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(gg)     on the Thirty-Third Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

CA/D237106/FL3046

(hh)   on the Thirty-Fourth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(ii)   on the Thirty-Fifth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(jj)   on the Thirty-Sixth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(kk)   on the Thirty-Seventh Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(ll)   on the Thirty-Eighth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(mm)   on the Thirty-Ninth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(nn)   on the Fortieth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

CA/D237106/FL3046

(oo)   on the Forty-First Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(a)   on the Forty-Second Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(pp)   on the Forty-Third Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(qq)   on the Forty-Fourth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(rr)   on the Forty-Fifth Cause of Action against Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

(ss)   for compensatory damages against all Defendants in an amount to be determined at trial but in no event less than TEN MILLION DOLLARS ($10,000,000.00); and

(tt)   such other a further relief as the Court deems just and proper.

Dated: Garden City, New York
April 27, 2021

THE RUSSELL FRIEDMAN LAW GROUP, LLP
*Attorneys for Plaintiff*

By:   /s/*Christopher M. Arzberger*
Christopher M. Arzberger

CA/D237106/FL3046

400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
Email: carzberger@rfriedmanlaw.com

CA/D237106/FL3046