UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE DOE,

                                        Plaintiff,

                                                            Case # 21-CV-6353-FPG

v.

                                                            DECISION AND ORDER

AR, MICHAEL S. RUSSELL, ANDREA T. RUSSELL,
MJN, ROBERT G. NOVITSKY, ALICIA M.
NOVITSKY a/k/a ALICIA JEAN, TJH, TIMOTHY J.
HAY, SHANNON M. HAY, BA, LOUIS B.
APPLEBAUM, and JULIE D. APPLEBAUM,

                                        Defendants.

## INTRODUCTION

Plaintiff Jane Doe commenced this action in April 2021 proceeding under the auspices of New York's Child Victims. ECF No. 1. Plaintiff has moved the Court for leave to file her Complaint and proceed under a pseudonym or, in the alternative, for an order sealing the Complaint. ECF No. 2-1 at 3.

The Court issued a Text Order, ECF No. 37, directing the Defendants to respond to Plaintiff's motion no later than August 13, 2021. To date, the Court has not received any opposition. For the reasons that follow, Plaintiff's motion to proceed under a pseudonym is GRANTED.

## DISCUSSION

As a general matter, Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008).

1

However, in certain limited circumstances, a court may deviate from this principle and permit a party to proceed under a pseudonym.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Factors a court may consider include, but are not limited to, the following:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his [or her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

The Court has considered each of the factors above that are relevant to this case and finds, on balance, they support permitting Plaintiff to proceed under a pseudonym.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion, ECF No. 2, is GRANTED, and Plaintiff may proceed under the pseudonym Jane Doe.

2

IT IS SO ORDERED.

Dated: September 7, 2021
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

3