UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

AR, MICHAEL S. RUSSELL, ANDREA T. RUSSELL,
MJN, ROBERT G. NOVITSKY, ALICIA M. NOVITSKY
a/k/a ALICIA JEAN, TJH, TIMOTHY J. HAY, SHANNON
M. HAY, BA, LOUIS B. APPLEBAUM, and JULIE D.
APPLEBAUM,

                Defendants.

**ANSWER OF MJN**

Docket No.: 21-CV-06353 (FPG)

(Jury Trial Demanded)

Defendant MJN (hereinafter "Defendant" or "Answering Defendant") by and through his attorneys, Ward Greenberg Heller & Reidy LLP, responds to plaintiff's Amended Complaint ("Complaint") as follows:

1.    The First, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second and Thirty-Third Causes of Action of plaintiff's Complaint were dismissed by this Court's May 23, 2022 Decision and Order and therefore no responsive pleading is required for paragraphs 101, 102, 103, 104, 105, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296 and 297.

2.    The allegations alleged in paragraphs 106, 107, 108, 109, 110, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 182, 183, 184, 185, 186, 187, 188, 196, 197, 198, 199, 200, 201, 202,

203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 364, 365, 366, 367, 368, 369, 370, 371, 372 and 373 of plaintiff's Complaint are not directed to defendant MJN and therefore no responsive pleading is necessary. To the extent that a response is required, MJN denies the allegations in said paragraphs.

## **NATURE OF ACTION**

3. Paragraph 1 of plaintiff's Amended Complaint contains no allegations of fact but rather statements and characterizations of the nature of the action. To the extent that a response is required, MJN denies the allegations in said paragraph.

4. Defendant denies the allegations in paragraphs 2 and 3 of plaintiff's complaint.

## **JURISDICTION**

5. Paragraph 4 of plaintiff's complaint contains statements of law to which no response is required. To the extent that a response is required, MJN denies that this court has supplemental jurisdiction under the Child Victims Act.

## **VENUE**

6. Paragraph 5 of plaintiff's complaint contains statements of law to which no response is required.

## THE PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of plaintiff's complaint.

8. As to the allegations in paragraph 7 of plaintiff's complaint, admits that Defendant AR has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

9. As to the allegations in paragraph 8 of plaintiff's complaint, admits that Defendant Michael S. Russell has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

10. As to the allegations in paragraph 9 of plaintiff's complaint, admits that Defendant Andrea T. Russell has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

11. As to the allegations in paragraph 10 of plaintiff's complaint, admits that defendant MJN has resided in the County of Ontario, State of New York, but denies that MJN physically resides therein.

12. Admits the allegations in paragraphs 11 and 12 of plaintiff's complaint.

13. As to the allegations in paragraph 13 of plaintiff's complaint, admits that Defendant TJH has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

14. As to the allegations in paragraph 14 of plaintiff's complaint, admits that Defendant Timothy J. Hay has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

15. As to the allegations in paragraph 15 of plaintiff's complaint, admits that Defendant Shannon J. Hay has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

16. As to the allegations in paragraph 16 of plaintiff's complaint, admits that Defendant BA has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

17. As to the allegations in paragraph 17 of plaintiff's complaint, admits that Defendant Louis B. Applebaum has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

18. As to the allegations in paragraph 18 of plaintiff's complaint, admits that Defendant Julie D. Applebaum has resided in the County of Ontario, State of New York, but denies knowledge or information to form a belief as to the remaining allegations.

## FACTUAL BACKGROUND

19. MJN specifically and unequivocally denies sexually assaulting plaintiff, distributing child pornography, committing acts of bias-related violence, consuming alcoholic beverages on August 24, 2014, falsely imprisoning plaintiff, and/or causing plaintiff from doing anything against her own will and consent.

20. Admits the allegations in paragraphs 21 of plaintiff's complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 38, 39, 40, 41, 42, 43, 45, 63, 64, 66, 68, 69, 70, 71, 80, 90, 94 and 96 of plaintiff's complaint.

22. Denies the allegations in paragraphs 33, 34, 35, 36, 37, 44, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 65, 67, 72, 73, 74, 75, 76, 77, 81, 82, 83, 84, 85, 86, 87, 88, 89, 91, 93, 95, 97, 98, 99 and 100 of plaintiff's complaint.

23. As to the allegations in paragraph 20 of plaintiff's complaint, admits that plaintiff was about to start her Freshman year at Victor Senior High School, but denies knowledge or information to form a belief as to the remaining allegations.

24. Admits the allegations in paragraph 32 of plaintiff's complaint that BA invited Defendants AR, MJN, and TJH over to his house, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

25. Admits the allegations in paragraph 46 that AR, MJN and TJH left BA's house, but MJN denies he observed plaintiff vomit.

26. Admits the allegations in paragraph 47 of plaintiff's complaint that AR, MJN and TJH returned to BA's house at plaintiff's request over an hour after leaving.

27. Denies the allegations in paragraphs 78 and 79 of plaintiff's complaint that plaintiff was raped, but denies knowledge or information as to the remaining allegations in said paragraphs.

28. Admits the allegations in paragraph 92 of plaintiff's Complaint that he was a minor on August 24, 2014, but denies that he was in the actual physical care, custody and control of his parents that day and evening.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")
### (against Defendant MJN)

29. Defendant repeats and realleges their admissions, denials, or statements that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 111 of plaintiff's complaint.

30. Paragraphs 112 and 115 of plaintiff's complaint contain statements of law to which no response is required. To the extent that a response is required, MJN denies the allegations in said paragraph.

31. Denies the allegations as to paragraphs 113 and 114 of plaintiff's complaint.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**FOR ASSAULT AND BATTERY**
**(against Defendant MJN)**

32. Defendant repeats and realleges their admissions, denials, or statements that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 132 of plaintiff's complaint.

33. Defendant denies the allegations as to paragraphs 133, 134, 135, 136 and 137 of plaintiff's complaint.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
**FOR NEGLIGENCE**
**(against Defendant MJN)**

34. Defendant repeats and realleges their admissions, denials, or statements that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 189 of plaintiff's complaint

35. Defendant denies the allegations as to paragraphs 190, 191, 192, 193, 194 and 195 of plaintiff's complaint.

**AS AND FOR A TWENTY-THIRD CAUSE OF ACTION**
**FOR BIAS-RELATED VIOLENCE UNDER NEW YORK CIVIL RIGHTS LAW § 79-N**
**(against Defendant MJN)**

36. Defendant repeats and realleges their admissions, denials, or statements that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 216 of plaintiff's complaint.

37. Defendant denies the allegations as to paragraphs 217, 218, 219, 220 and 221 of plaintiff's complaint.

## AS AND FOR A FORTY-THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT
## (against Defendant MJN)

38. Defendant repeats and realleges their admissions, denials, or statements that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 359 of plaintiff's complaint.

39. Defendant denies the allegations as to paragraphs 360, 361, 362 and 363 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

40. Plaintiff fails to state a claim or cause of action against the answering defendant.

## SECOND AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

44. Plaintiff fails to plead her allegations with particularity.

## SIXTH AFFIRMATIVE DEFENSE

45. Any injuries allegedly suffered or experienced by plaintiff were not proximately caused by any action of answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

46. Any liability of the answering defendant for non-economic loss is limited as set forth in NYCPLR Article 16.

## EIGHTH AFFIRMATIVE DEFENSE

47. Any judgment must be reduced pursuant to CPLR §4545(c) by those amounts received from collateral sources.

## NINTH AFFIRMATIVE DEFENSE

48. Upon information and belief, the proof at trial may show that plaintiff failed to mitigate her damages, if any.

## TENTH AFFIRMATIVE DEFENSE

49. Answering defendant was a minor at the time of the alleged conduct and therefore did not have the mental capacity to be held legally responsible for his actions.

## ELEVENTH AFFIRMATIVE DEFENSE

50. The relative culpability of each person who is or may be responsible for the damages alleged by plaintiff in this action shall be determined in accordance with the decisional and statutory laws of the State of New York in such cases made and provided; and the equitable share of each person liable for contribution shall be determine and apportioned in accordance with

the relative culpability of each person, if any, pursuant to Article 14 of the New York Civil Practice Law and Rules.

## TWELTH AFFIRMATIVE DEFENSE

51. Any alleged sexual contact between answering defendant and plaintiff was precipitated by and consented to by plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

52. The Child Victims Act is unconstitutional and, as such, plaintiff's Complaint is barred by the applicable Statute of Limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

53. The injuries or damages and damages described in the Complaint were caused in whole or in part by the negligence or intentional acts of persons or entities over which and for whom answering defendant had no control, and no responsibility.

54. Defendant incorporates by reference any additional affirmative defenses pleaded in the answers filed by codefendants.

**WHEREFORE,** defendants demand judgment as follows:

A. Dismissing plaintiff's Complaint, with prejudice as against defendant;

B. The costs and disbursements of this action; and

C. Such other and further relief which the Court deems just and proper.

Dated: June 3, 2022            WARD GREENBERG HELLER & REIDY LLP

By: /s/ Scott R. Jennette
       Scott R. Jennette

1800 Bausch and Lomb Place
Rochester, New York 14604
Tel.: (585) 454-0700
Email: sjennette@wardgreenberg.com

*Attorneys for Defendant MJN*

TO:    THE RUSSELL FRIEDMAN LAW GROUP, LLP
       Charles Horn, Esq.
       400 Garden City Plaza, Suite 500
       Garden City, New York 11530
       Tel.: 516.355.9696
       Email: chorn@rfriedmanlaw.com
       *Attorneys for Plaintiff*

CC:    All Defense Counsel of Record